# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

MORENA C. GUZMAN,

      Debtor.

Case No. 10-18858-RGM
(Chapter 7)

### MEMORANDUM OPINION

THIS case was before the court on the trustee's application for compensation of his attorney. The United States Trustee objected to portions of the application on the grounds that some of the work should have been done by the trustee or his legal assistant. *In re Parkins*, 2011 WL 1167295 (Bankr.E.D.Va. 2011).

The trustee's principal action was selling a house. The attorney's time records reflect activities commonly involved in selling a house and closing on the transaction. The activities include reviewing title work, communications with the real estate agent and debtor's counsel, preparing for and coordinating settlement, obtaining a payoff statement and reviewing settlement documents. These activities are normally trustee functions. *In re King,* 88 B.R. 768, 770 (Bankr.E.D.Va. 1988). "Unless there is an unusual legal matter, the negotiation of a sale of residential real estate through a real estate agent is something that a trustee should accomplish himself." *In re Parkins,* 2011 WL 1167295, at *10.

There was a special circumstance in this case. The lender improperly refused to release the payoff statement without the debtor's signature. The easy resolution – obtaining the debtor's signature – was not possible because the debtor could not be found. Counsel sought to obtain the

payoff statement, expecting to file a motion with the court. While filing a motion with the court was ultimately not required, the actions necessary to obtain timely settlement of the contract went beyond routine closing activities for which the trustee's attorney may be compensated. The attorney's preparation of the report of sale, although normally a matter that should be attended to by the trustee or a legal assistant, will be allowed because of its relation to the payoff statement problem.

The time expended for preparing the motion to sell the property including a review of the title report and contract of sale which were reasonably necessary to prepare the motion, the court appearance for the hearing on the motion to sell, and the preparation of the order of sale are properly attorney work and will be allowed.

The remaining time entries are disallowed because they were routine activities that a seller undertakes without legal counsel.

Alexandria, Virginia
June 16, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Gordon P. Peyton
Michael L. Eisner
Jack Frankel

16918